**STATE of Utah, Plaintiff and Respondent,**

v.

**Donald Joseph FRANKS, aka Dave Rembles, Defendant and Appellant.**

**No. 17861.**

Supreme Court of Utah.

May 25, 1982.

Marcus Taylor, Richfield, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

---

Walter F. Bugden, Jr., Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

**4**

PER CURIAM:

This is an appeal from a jury conviction of theft,[1] based upon a claim that the evidence adduced at trial was insufficient to support the conviction.

On February 27, 1981, the defendant was stopped by a highway patrolman for speeding in Sevier County, Utah. Defendant was driving a Cadillac automobile with Tennessee license plates. When asked by the officer, defendant could produce neither a driver's license nor a certificate of title, his only identification being a Las Vegas gaming card with his name on it. Defendant explained that he was driving the vehicle to Carmel or Mt. Carmel for his grandfather, but he was uncertain as to which was his true destination. The officer cited defendant for traffic violations and asked defendant to drive the vehicle to the sheriff's office in Richfield. Defendant complied and was subsequently arrested.

The Cadillac was impounded and an inventory search was conducted. Drugs were found in the automobile. The search also produced a birth certificate and a certificate of registration, neither of which matched the name given by the defendant when he was first stopped. The officer telephoned one Garland Smith, whose name appeared on the vehicle registration, and spoke with Smith's son. The officer then talked with Mrs. Garland Smith and apparently made arrangements to meet the Smiths in Richfield and to deliver possession of the Cadillac to them. The next day the Smiths took possession of the automobile as arranged.

Defendant was charged by information with the offenses of possession with intent to distribute for value a controlled substance[2] and automobile theft.[3] At trial, the bulk of the evidence went to the controlled substance charge. The only evidence going to the theft charge was testimony of the arresting officer, essentially as set forth *supra.* The officer testified that he delivered possession of the vehicle to Smith when Smith showed him personal identification which matched that of the vehicle registration and "reports of the Las Vegas Police Department."

At the close of the state's case, defendant moved for dismissal of both counts of the information on the ground that the evidence was insufficient to submit the case to the jury. This motion was denied. The jury thereafter returned a verdict of guilty of theft as charged. Defendant was also found guilty of simple possession of a controlled substance, a lesser included offense to the controlled substance offense with which defendant was charged. Defendant was sentenced to one to fifteen years for theft, and six months for possession of a controlled substance, the sentences to run concurrently. Defendant appeals only his theft conviction.

U.C.A., 1953, 76–6–404 provides as follows:

A person commits theft if he obtains or exercises unauthorized control over the property of another with a purpose to deprive him thereof.

Defendant concedes that he did not own the Cadillac. He contends, however, that the state failed to prove that his possession of the vehicle was unauthorized. We agree. Although the elements of an offense may be established by direct or circumstantial evidence,[4] the evidence adduced in this case was *de minimis* and therefore insufficient to support a conviction of theft. We deem this to be so notwithstanding the usual deference given the verdict of the jury. The state contends that there is no evidence that the owner consented to defendant's control of the vehicle. That is true, but the burden is on the state to show unauthorized control, *not* on the defendant to show authorized control.

The conviction for theft is therefore reversed.

1. In violation of U.C.A., 1953, 76–6–404.

2. In violation of U.C.A., 1953, 58–37–8(1)(a)(ii).

3. Supra, note 1.

4. *State v. Reese*, 44 Utah 256, 140 P. 126 (1914).